UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL GARCIA, JR., | ) | 1:07-CV-01105 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| v. | ) | [Doc. #20] |
| | ) | |
| | ) | ORDER DISMISSING PETITION WITHOUT |
| | ) | PREJUDICE |
| R. A. HOREL, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| Respondent. | ) | MOTION FOR STAY AND GRANTING |
| | ) | PETITIONER LEAVE TO FILE MOTION TO |
| | | WITHDRAW |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by jury trial on April 20, 2005, of first degree murder in violation of Cal. Penal Code § 187 and possession of a firearm by a person previously convicted of a violent felony in violation of Cal. Penal Code § 12021.1. The jury also found true the allegation that Petitioner had personally used a firearm. On July 12, 2005, Petitioner was sentenced to serve an indeterminate prison term of five years plus

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss the petition.

seventy-five years to life.

Petitioner thereafter appealed the conviction. On November 15, 2006, the California Court of Appeal, Fifth Appellate District (hereinafter "5th DCA") affirmed the conviction. On December 18, 2006, Petitioner filed a petition for review with the California Supreme Court. <u>See</u> Lodged Doc. No. 5.[2] The California Supreme Court summarily denied the petition on February 21, 2007. <u>See</u> Lodged Doc. No. 6.

On July 17, 2007, Petitioner filed his federal petition for writ of habeas corpus in the United States District Court for the Northern District of California. By order of the Court dated July 26, 2007, the petition was transferred to the Eastern District. On August 22, 2007, the Magistrate Judge dismissed the petition with leave to amend for failure to specify his grounds for relief. On September 26, 2007, Petitioner filed an amended petition wherein he raised the following four grounds for relief: (1) Petitioner claims the trial court incorrectly prevented him from presenting a defense of third party liability; (2) He claims the trial court erroneously failed to grant defense counsel's request that the jury be given accomplice instructions; (3) He claims he received ineffective assistance of counsel for counsel's failure to clarify Petitioner's objection to the testimony of a witness who had testified Petitioner said he shot a little kid; and (4) He claims the evidence of a videotape was erroneously admitted. Following a review of the amended petition, the Magistrate Judge determined that Ground Four was unexhausted and Petitioner was granted leave to withdraw the unexhausted claim, which he did. The Magistrate Judge then directed Respondent to file a response to the petition.

On December 27, 2007, Respondent filed a motion to dismiss the petition as a mixed petition containing exhausted and unexhausted claims. Petitioner filed an opposition to Respondent's motion on January 14, 2008.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

---

[2]"Lodged Doc." refers to the documents lodged by Respondent with the Motion to Dismiss.

petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court

reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added); see also <u>Galvan v. Alaska Department of Corrections,</u> 2005 WL 293501 (9th Cir.2005)

In the instant petition, there remain three claims for relief. Respondent concedes that Grounds One and Two have been presented to the California Supreme Court and are exhausted. He argues, however, that Ground Three has not been presented to the California Supreme Court and remains unexhausted. In his opposition, Petitioner argues the claim is exhausted because the California Supreme Court should have been aware of the claim. The Court has reviewed the petition for review filed with the California Supreme Court and agrees with Respondent. The claim of ineffective assistance of counsel was not specified as a ground for relief. Thus, it was not fairly presented to the state court and is unexhausted.

The petition for writ of habeas corpus currently before this Court is a mixed petition containing exhausted and unexhausted claims. In his opposition, Petitioner requests that in the event

the Court determines the claim is unexhausted, the petition be stayed while he returns to state court to exhaust his state remedies. A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 275-276 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997).  However, the Supreme Court in Rhines held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 544 U.S. at 276. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.  Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, Petitioner fails to demonstrate good cause to excuse his failure to present the additional claim prior to filing the instant petition. Therefore, a stay will not be granted. Petitioner is thus presented with two options: 1) Dismissal of the instant petition without prejudice to refiling once he has exhausted the additional claim; or 2) Withdrawing the unexhausted claim and proceeding with the two exhausted claims. Petitioner has almost four months remaining on the statute of limitations. Providing he proceeds promptly through the state courts and the state courts do not deem his petitions to be untimely, he would not be prejudiced from returning to the federal courts once exhaustion is completed.[3]

---

[3] Petitioner is advised that a dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice. In addition, Petitioner is advised that although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss is GRANTED;

2) The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies;

3) Petitioner's motion for stay is DENIED; and

4) Petitioner is GRANTED thirty (30) days from the date of service of this Order to file a motion to withdraw the unexhausted claim. In the event he files said motion, the matter will be referred back to the Magistrate Judge for further proceedings. In the event he does not file said motion, the Court will terminate the action without prejudice and direct the Clerk of Court to enter judgment.

IT IS SO ORDERED.

**Dated:   January 26, 2008**              /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE

---

Walker, 531 U.S. 991 (2001).