1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

13  MIGUEL GARCIA, JR.,                 )    1:07-CV-01105 AWI GSA HC
                                        )
14              Petitioner,             )    ORDER DENYING PETITIONER'S
                                        )    MOTION FOR STAY OF PROCEEDINGS
15      v.                              )    [Doc. #25]
                                        )
16  R. A. HOREL,                        )    ORDER GRANTING PETITIONER'S
                                        )    MOTION TO WITHDRAW UNEXHAUSTED
17              Respondent.             )    CLAIM
    _____)    [Doc. #26]
18

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.

21          On July 17, 2007, Petitioner filed his federal petition for writ of habeas corpus in the United

22  States District Court for the Northern District of California. By order of the Court dated July 26,

23  2007, the petition was transferred to the Eastern District. On August 22, 2007, the Magistrate Judge

24  dismissed the petition with leave to amend for failure to specify his grounds for relief. On September

25  26, 2007, Petitioner filed an amended petition wherein he raised the following four grounds for

26  relief: (1) Petitioner claims the trial court incorrectly prevented him from presenting a defense of

27  third party liability; (2) He claims the trial court erroneously failed to grant defense counsel's request

28  that the jury be given accomplice instructions; (3) He claims he received ineffective assistance of

1   counsel for counsel's failure to clarify Petitioner's objection to the testimony of a witness who had

2   testified Petitioner said he shot a little kid; and (4) He claims the evidence of a videotape was

3   erroneously admitted. Following a review of the amended petition, the Magistrate Judge determined

4   that Ground Four was unexhausted and Petitioner was granted leave to withdraw the unexhausted

5   claim, which he did. The Magistrate Judge then directed Respondent to file a response to the

6   petition.

7          On December 27, 2007, Respondent filed a motion to dismiss the petition as a mixed petition

8   containing exhausted and unexhausted claims.  Petitioner filed an opposition to Respondent's motion

9   on January 14, 2008.

10          On January 28, 2008, the District Court issued its Order granting Respondent's motion to

11   dismiss, dismissing the petition without prejudice, denying Petitioner's motion for stay, and granting

12   Petitioner thirty (30) days to file a motion to withdraw the unexhausted claim.

13          On February 19, 2008, Petitioner filed a second motion to stay. He subsequently filed a

14   motion to withdraw the unexhausted claim on February 22, 2008.

15                                    **DISCUSSION**

16          A district court has discretion to stay a petition which it may validly consider on the merits.

17   Rhines v. Weber, 544 U.S. 269, 276 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d

18   981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519

19   U.S. 1102 (1997).  However, the Supreme Court recently held that this discretion is circumscribed by

20   the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 276. In

21   light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and

22   "is only appropriate when the district court determines there was good cause for the petitioner's

23   failure to exhaust his claims first in state court." Id. at 277.  Even if Petitioner were to demonstrate

24   good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay

25   when his unexhausted claims are plainly meritless." Id.

26          In this case, the Court does not find good cause to excuse Petitioner's failure. Petitioner had

27   multiple opportunities to present this claim to the state courts: it could have been raised in his

28   petition for review to the California Supreme Court on December 18, 2006, or in the subsequent

1  petition for writ of habeas corpus to the California Supreme Court on July 6, 2007. Staying the case

2  at this juncture in order to allow Petitioner to pursue a third round of review in the state courts

3  frustrates AEDPA's objective of encouraging finality and undermines AEDPA's objective of

4  streamlining federal habeas proceedings. Id. Accordingly, Petitioner's motion for stay of the

5  proceedings is hereby DENIED.

6        In the alternative, Petitioner requests that the unexhausted claim be dismissed so he may

7  proceed with the exhausted claims in this Court. Petitioner's request will be GRANTED.

8        Accordingly, IT IS HEREBY ORDERED:

9        1.  Petitioner's motion for stay of proceedings is DENIED;

10       2.  Petitioner's motion to dismiss the unexhausted claim is GRANTED; and

11       3.  The matter is REFERRED BACK to the Magistrate Judge for further proceedings.

12

13  IT IS SO ORDERED.

14  **Dated:    March 7, 2008**              **/s/ Anthony W. Ishii**
                                          UNITED STATES DISTRICT JUDGE