# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL GARCIA, JR., | ) | 1:07-CV-01105 AWI GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITIONER'S MOTION TO |
| v. | ) | AMEND |
| | ) | |
| R. A. HOREL, | ) | [Doc. #28] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 17, 2007, Petitioner filed a federal petition for writ of habeas corpus. On August 22, 2007, Magistrate Judge Dennis L. Beck dismissed the petition with leave to amend for failure to specify grounds for relief. On September 26, 2007, Petitioner filed an amended petition wherein he raised the following four grounds for relief: (1) Petitioner claims the trial court incorrectly prevented him from presenting a defense of third party liability; (2) He claims the trial court erroneously failed to grant defense counsel's request that the jury be given accomplice instructions; (3) He claims he received ineffective assistance of counsel for counsel's failure to clarify Petitioner's objection to the testimony of a witness who had testified Petitioner said he shot a little kid; and (4) He claims the evidence of a videotape was erroneously admitted. Following a review of the amended petition, on October 3, 2007, Magistrate Judge Beck found Ground Four was unexhausted and granted Petitioner

leave to withdraw the unexhausted claim, which he did. Respondent was then directed to file a response to the petition.

On December 27, 2007, Respondent filed a motion to dismiss the petition as a mixed petition containing exhausted and unexhausted claims. Specifically, Respondent argued that Ground Three was unexhausted. Petitioner filed an opposition to Respondent's motion on January 14, 2008. On January 28, 2008, the District Court issued its Order granting Respondent's motion to dismiss, dismissing the petition without prejudice, denying Petitioner's motion for stay, and granting Petitioner thirty (30) days to file a motion to withdraw the unexhausted claim.

On February 19, 2008, Petitioner filed a second motion to stay. He subsequently filed a motion to withdraw the unexhausted claim on February 22, 2008. The District Court issued an Order on March 7, 2008, wherein Petitioner's motion for stay was denied and the motion to withdraw the unexhausted claim was granted.

Now pending before the Court is Petitioner' s March 10, 2008, motion to amend the petition to reinsert Ground Four. This claim was withdrawn from the petition on October 30, 2007, for failure to exhaust; however, Petitioner states the California Supreme Court denied the claim on December 12, 2007, with citation to In re Dixon, 41 Cal.2d 756 (1953). He argues he should be granted leave to reinsert the claim since it is now exhausted.[1]

**DISCUSSION**

Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse

---

[1] Petitioner further places the blame on this Court for his failure to seek amendment sooner. He cites to Kelly v. Small, 315 F.3d 1063 (9th Cir.2002), asserting this Court was under obligation to inform him that he could amend his petition to delete the unexhausted claim, seek a stay of the proceedings and then re-include the claims after exhaustion, and inform him of the status of the statute of limitations. However, Kelly v. Small is no longer good law as it was overruled in Robbins v. Carey, 481 F.3d 1143 (9th Cir.2007), in light of the Supreme Court's holding in Pliler v. Ford, 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004). In Pliler, the Supreme Court specifically held that the district court is not required to give these warnings. Id. at 234. Moreover, Petitioner was in fact informed that he could amend the petition to delete the unexhausted claim, and he did so.

1    party; and leave shall be freely given when justice so requires.

2    The Court does not find good cause to grant Petitioner's motion to amend and reinsert his
3    claim. As noted by Petitioner, the California Supreme Court denied the state court habeas petition as
4    procedurally defaulted pursuant to In re Dixon, 41 Cal.2d 756 (1953).

5    A federal court will not review claims in a petition for writ of habeas corpus if the state court
6    has denied relief on those claims on a state law ground that is independent of federal law and
7    adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991). This doctrine
8    of procedural default is based on the concerns of comity and federalism. Id., at 730-32.

9    There are limitations as to when a federal court should invoke procedural default and refuse
10   to evaluate the merits of a claim because the petitioner violated a state's procedural rules. Procedural
11   default can only block a claim in federal court if the state court "clearly and expressly states that its
12   judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).

13   In addition, the state law ground must be independent of federal law. "For a state procedural
14   rule to be 'independent,' the state law basis for the decision must not be interwoven with federal
15   law." LaCrosse, 244 F.3d at 704, *citing* Michigan v. Long, 463 U.S. 1032, 1040-41 (1983); Morales
16   v. Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996), *quoting* Coleman, 501 U.S. at 735 ("Federal habeas
17   review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be
18   interwoven with federal law.'") "A state law is so interwoven if 'the state has made application of
19   the procedural bar depend on an antecedent ruling on federal law [such as] the determination of
20   whether federal constitutional error has been committed.'" Park v. California, 202 F.3d 1146, 1152
21   (9th Cir. 2000), *quoting* Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

22   Also, a federal court may only impose a procedural bar on claims if the procedural rule that
23   the state used is adequate to support the judgment. To be adequate, "the state's legal grounds for its
24   decision must be firmly established and consistently applied." King v. LaMarque, 464 F.3d 963, 965
25   (9th Cir. 2006), *citing* Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003). To be firmly established
26   and consistently applied, the rule must be clear and certain. King, 464 F.3d at 965-66, *citing*
27   Melendez v. Pliler, 288 F.3d 1120, 1124 (9th Cir. 2002); see also Fields v. Calderon, 125 F.3d 757,
28   760 (9th Cir. 1997) (The state procedural rule used must be clear, consistently applied, and well-

1  established at the time of the petitioner's purported default).

2      If the court finds an independent and adequate state procedural ground, "federal habeas
3  review is barred unless the prisoner can demonstrate cause for the procedural default and actual
4  prejudice, or demonstrate that the failure to consider the claims will result in a fundamental
5  miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S.
6  at 750; Park, 202 F.3d at 1150.

7      In this case, it appears that Petitioner is procedurally barred from presenting the additional
8  claim. Therefore, the Court does not find good cause to grant his motion to amend.

## RECOMMENDATION

10      Accordingly, the Court HEREBY RECOMMENDS that Petitioner's motion to amend be
11  DENIED.

12      This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
13  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
14  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
15  California.

16      Within thirty (30) days after being served with a copy of this Findings and Recommendation,
17  any party may file written objections with the Court and serve a copy on all parties. Such a
18  document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."
19  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if
20  served by mail) after service of the Objections. The Finding and Recommendation will then be
21  submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §
22  636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may
23  waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
24  1991).

26      IT IS SO ORDERED.

27      Dated:   **March 27, 2008**                    **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE