UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GARCIA, JR., ) | 1:07-CV-01105 AWI GSA HC |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATION [Doc. #30] |
| v. ) | |
| ) | ORDER DENYING PETITIONER'S MOTION |
| ) | TO AMEND [Doc. #28] |
| R. A. HOREL, ) | |
| ) | ORDER REFERRING MATTER BACK TO |
| Respondent. ) | MAGISTRATE JUDGE FOR FURTHER |
| ) | PROCEEDINGS |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  On March 28, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended Petitioner's motion to amend be DENIED. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

  On April 23, 2008, Petitioner filed objections to the Findings and Recommendation. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the

1  record and proper analysis.

2  In the Findings and Recommendations, the Magistrate Judge recommended the court not
3  allow Petitioner to amend his petition for writ of habeas corpus to include a claim alleging that the
4  trial court erred by introducing into evidence a video tape that showed a burned car and bodies inside
5  the car.  While the court should freely give leave to amend a habeas corpus petition if justice so
6  requires, the court may deny leave to amend if the amendment would be futile or subject to
7  dismissal.  Gadda v. State Bar of Cal., 511 F.3d 933, 939 (9th Cir. 2007); Saul v. United States, 928
8  F.2d 829, 843 (9th Cir. 1991).   Here, the Magistrate Judge found amendment would be futile
9  because the claim Petitioner wishes to amend the petition to include is procedurally barred.

10  A federal court will not review a petition's claim if the state court has denied relief of that
11  claim pursuant to a state law that is independent of federal law and adequate to support the
12  judgment.  Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991); Coleman v. Thompson, 501 U.S. 722,
13  729-30 (1989).  A state court's refusal to hear the merits of a habeas claim because of the petitioner's
14  failure to follow a state procedural rules in filing his state habeas claim is considered a denial of
15  relief on independent and adequate state grounds.  Harris v. Reed, 489 U.S. 255, 260-61 (1989).   In
16  this case, the California Supreme Court denied Petitioner's claim concerning the introduction of the
17  video tape by citing to In re Dixon, 41 Cal.2d 756 (1953).  A cite to In re Dixon means that the
18  claim at issue is barred because the claim should have been, but was not, included in the petitioner's
19  direct appeal.

20  The court is permitted to consider, sua sponte, the issue of procedural default.  Windham v.
21  Merkle, 163 F.3d 1092, 1100-01 (9th Cir. 1998); see also Day v. McDonough, 547 U.S. 198, 208
22  (2006) (discussing statute of limitations, exhaustion of state remedies, procedural default, and
23  nonretroactivity as affirmative defenses court can raise).  The Magistrate Judge found that the In re
24  Dixon rule is an independent and adequate state procedural ground.   Petitioner was given the
25  opportunity to place the adequacy of the In re Dixon rule into question in the objections, but
26  Petitioner did not carry his burden.  See Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003) (en
27  banc).   Thus, the court finds Petitioner's claim is barred under the doctrine of procedural default,
28  and, as such, amending the petition to contain this claim would be futile.

1    Regardless of the procedural bar, it would be futile to allow Petitioner to amend the petition
2 to include a claim alleging the trial court erred by admitting the video tape into evidence.  Generally,
3 the admissibility of evidence is a matter of state law and not reviewable in a federal habeas corpus
4 proceeding unless the admission of prejudicial evidence was fundamentally unfair and resulted in a
5 denial of due process.   The admission of evidence does not provide a basis for habeas relief unless
6 it rendered the trial fundamentally unfair in violation of due process.  <u>Estelle v. McGuire</u>, 502 U.S.
7 62, 67-69 (9th Cir. 1991); <u>Walters v. Maas</u>, 45 F.3d 1355, 1357 (9th Cir. 1995).  "A habeas petitioner
8 bears a heavy burden in showing a due process violation based on an evidentiary decision."  <u>Boyde</u>
9 <u>v. Brown</u>, 404 F.3d 1159, 1172 (9th Cir. 2005).   Regardless of whether the admission of evidence is
10 contrary to a state trial court's rules of evidence, a trial court's ruling does not violate due process
11 unless the evidence is "of such quality as necessarily prevents a fair trial."  <u>Kealohapauole v.</u>
12 <u>Shimoda</u>, 800 F.2d 1463, 1465 (9th Cir . 1986).   The admission of evidence violates due process
13 only if there are no permissible inferences the jury may draw from the evidence.   <u>Boyde</u>, 404 F.3d at
14 1172; <u>Jammal v. Van de Kamp</u>, 926 F.2d 918, 920 (9th Cir.1991).
15    Here Petitioner contends that the trial court did not properly balance the probative value of
16 the video tape against its prejudicial impact.   Petitioner agrees that the portions of the video which
17 show the burned car were admissible because it corroborated evidence that the car had been burned.
18 However, Petitioner claims that the portion of the video which show burned bodies, particularly a
19 skull, prejudiced the jury against Petitioner.   Petitioner fails to show how this portion of the tape
20 made his trial so unfair as to violate due process.   The video did not contribute to the jury finding
21 that Petitioner was the one who committed the offense.   Rather, it showed the end result of the
22 perpetrator's conduct.   Petitioner fails to show how the video caused the jury to believe he was the
23 perpetrator that committed the crime.   There was a permissible inference the jury could draw from
24 the evidence – i.e. The car and bodies were found burned as testified to by other witnesses.  Thus, it
25 would be futile to allow petitioner to amend the petition to contain this claim because it can be
26 summary denied on its face.
27 //
28

1 | Accordingly, IT IS HEREBY ORDERED that:

2 | 1. The Findings and Recommendation issued March 28, 2008, is ADOPTED IN FULL;

3 | 2. Petitioner's motion to amend is DENIED;

4 | 3. The matter is REFERRED back to the Magistrate Judge for further proceedings; and

5 | 4. As this is not a "final order" which disposes of all claims in the petition, a certificate of appealability is not required. 28 U.S.C. § 1291; <u>Catlin v. United States</u>, 324 U.S. 229, 233 (1945).

IT IS SO ORDERED.

**Dated:   June 16, 2008**            _____/s/ Anthony W. Ishii_____
                                      UNITED STATES DISTRICT JUDGE