```
                                              FILED

                                          DEC 2 1 2009

                                        RICHARD W. WIEKING
                                        CLERK, U.S. DISTRICT COURT
                                     NORTHERN DISTRICT OF CALIFORNIA
```

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GARCIA, JR., | NO C-07-01105-VRW |
| Petitioner, | ORDER DENYING CERTIFICATE FOR APPEALABILITY AND MOTION FOR APPOINTMENT OF COUNSEL |
| v | |
| R.A. HOREL, Warden, | |
| Respondent. | |

The court has denied the petition for a writ of habeas corpus in the above-captioned matter and has issued judgment in favor of respondent. Petitioner has since filed a timely notice of appeal, which also contains a request for a certificate of appealability ("COA"). A notice of appeal may properly be construed as an application for a COA. See United States v Asrar, 116 F3d 1268, 1270 (9th Cir 1997); 28 USC § 2253(c)(3)). Petitioner has also filed a separate motion for appointment of counsel.

I

"[A]n appeal may not be taken to the court of appeals from" the denial of a habeas petition unless a certificate of appealability is issued.  28 USC § 2253(c)(1) (2009).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right," id § 2253(c)(2); the certificate "shall indicate which specific issue or issues satisfy [this] showing," id § 2254(c)(3).

For the reasons stated in the court's prior order denying the petition, petitioner has not made any showing of the denial of any constitutional right, much less the substantial showing required for the issuance of a certificate of appealability.  Accordingly, petitioner's application for a certificate of appealability is DENIED.

II

Petitioner also moves for appointment of counsel in further litigation of this action.  The Sixth Amendment right to counsel does not apply in habeas corpus actions.  See Knaubert v Goldsmith, 791 F2d 722, 728 (9th Cir 1986).  Title 18 USC § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court.  See Chaney v Lewis, 801 F2d 1191, 1196 (9th Cir

1  1986). The courts have made appointment of counsel the exception
2  rather than the rule by limiting it to: (1) capital cases; (2)
3  cases that turn on substantial and complex procedural, legal or
4  mixed legal and factual questions; (3) cases involving uneducated
5  or mentally or physically impaired petitioners; (4) cases likely
6  to require the assistance of experts either in framing or in
7  trying the claims; (5) cases in which petitioner is in no
8  position to investigate crucial facts; and (6) factually complex
9  cases. See generally 1 J Liebman & R Hertz, Federal Habeas
10 Corpus Practice and Procedure § 12.3b at 383-386 (2d ed 1994).
11 Appointment is mandatory only when the circumstances of a
12 particular case indicate that appointed counsel is necessary to
13 prevent due process violations. See Chaney, 801 F2d at 1196;
14 Eskridge v. Rhay, 345 F2d 778, 782 (9th Cir. 1965).
15     The court finds that appointment of counsel is not
16 warranted in this case. Petitioner's claims are typical claims
17 that arise in criminal appeals and are not especially complex.
18 This is not an exceptional case that would warrant representation
19 on federal habeas review. Therefore, petitioner's motion for
20 appointment of counsel is DENIED.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

### III

For the foregoing reasons, petitioner's request for a COA and motion for appointment of counsel are DENIED.

IT IS SO ORDERED.

Vaughn R Walker
United States District Chief Judge